## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM KUKLA & MARY KUKLA, | : | CIVIL ACTION NO. |
| | : | |
| Plaintiffs | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| | : | |
| WAL-MART STORES EAST, LP, | : | |
| | : | |
| Defendant | : | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant Wal-Mart Stores East, LP, by and through its counsel, Law Offices of McDonnell & Associates, PC, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) to remove this action from the Court of Common Pleas of Philadelphia County, May Term 2017, No. 04510, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania. In support thereof, Defendant avers as follows:

1.     On or about June 1, 2017, Plaintiffs William Kukla and Mary Kukla, husband and wife, filed a Complaint in the Court of Common Pleas for Philadelphia County, May Term 2017, No. 04510, against defendant Walmart Corporation. A true and correct copy of Plaintiffs' Complaint is attached hereto, marked Exhibit "A" and made part hereof.

2.     In their Complaint, Plaintiffs allege that on or about July 6, 2016, plaintiff William Kukla was making a delivery on behalf of employer New Penn Motor Express at the Walmart Supercenter located at 4301 Byberry Road in Philadelphia, PA when he was struck by a rolling door that came down upon him without warning. Plaintiffs' Complaint, ¶¶ 4-7.

3.      In the Complaint, Plaintiff William Kukla asserts a single claim in negligence seeking damages for "serious permanent injuries" consisting of "a severe closed head injury with cerebral concussion and post-concussion syndrome, including but not limited to, severe headaches, dizziness, nausea and blurred vision; severe trauma to the cervical spine, including, but not limited to, disc bulging from C2-3 throughout the cervical spine through C5-6; a severe-acute and chronic strain and sprain of the cervical spine superimposed upon the aforesaid disc bulges; multiple bruises and contusions about the head, neck and upper body and severe damage to his nerves and nervous system". Plaintiffs' Complaint, ¶¶ 7, 12.

4.      In the *ad damnum* clause of the negligence claim asserted by plaintiff William Kukla, Mr. Kukla demands judgment in an amount "in excess of $50,000.00".

5.       In the Complaint, plaintiff Mary Kukla also asserts a single claim in negligence seeking damages for past and future medical expenses related to Mr. Kukla's medical treatment and for loss of consortium.

6.      In the *ad damnum* clause of the negligence claim asserted by plaintiff Mary Kukla, Ms. Kukla demands judgment in an amount "in excess of $50,000.00".

7.      On September 12, 2017, defense counsel filed with the Court, and provided to defense counsel, a copy of Plaintiffs' Case Management Conference Memorandum. A true and correct copy of same is attached hereto, marked Exhibit "B" and made part hereof.

8.      In their Case Management Conference Memorandum, plaintiffs indicated that there is a Workers' Compensation lien in the amount of $153,000.00 and made a settlement demand of $500,000.00.

9.      Prior to defense counsel's receipt of Plaintiffs' Case Management Conference Memorandum, Defendant could not reasonably and intelligently have concluded from the

Complaint or otherwise that the amount in controversy exceeded the jurisdictional minimum for diversity jurisdiction in federal court.

10.     On October 5, 2017, the parties filed with the Court a Stipulation amending the case caption to replace the original named defendant "Walmart Corporation" with proper defendant "Wal-Mart Stores East, LP".  A true and correct copy of said Stipulation is attached hereto, marked Exhibit "C" and made part hereof.

11.     The Court of Common Pleas for Philadelphia County is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

12.     Plaintiffs allege in their Complaint that they are citizens and residents of the State of New Jersey.  Plaintiffs' Complaint, ¶ 1.

13.     Defendant Wal-Mart Stores East, LP is the operating entity of the subject Wal-Mart Store, which is located at 4301 Byberry Road in Philadelphia, Pennsylvania.

14.     Defendant Wal-Mart Stores East, LP is a Delaware limited partnership with its principal place of business in Bentonville, Arkansas.

15.     Defendant Wal-Mart Stores East, LP is owned solely (100%) by Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business in Arkansas, through various wholly-owned entities as follows:  Wal-Mart Stores, Inc. is the sole (100%) owner of Wal-Mart Stores East, LLC, which is an Arkansas limited liability company with its principal place of business in Arkansas.  Wal-Mart Stores East, LLC, is the sole (100%) owner of WSE Investment, LLC and WSE Management, LLC, both of which are Delaware limited liability companies with their principal places of business in Arkansas.  WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP.  WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP.

16.     In sum, Wal-Mart Stores East, LP is owned by two Delaware limited liability companies with their principal places of business in Arkansas, which, in turn, are wholly-owned by an Arkansas limited liability company with its principal place of business in Arkansas, which, in turn, is wholly-owned by a Delaware corporation with its principal place of business in Arkansas.

17.     Accordingly, for the purposes of diversity of citizenship, Defendant Wal-Mart Stores East, LP is a citizen of the States of Delaware and Arkansas.

18.     None of Wal-Mart Stores East, LP's limited or general partners are citizens of the Commonwealth of Pennsylvania, so the requirements of diversity jurisdiction are satisfied.

19.     Where the case stated by the initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). See also § 1446(c)(3)(A).

20.     On September 12, 2017, defense counsel filed with the Court, and provided to defense counsel, a copy of Plaintiffs' Case Management Conference Memorandum which reflected a Workers' compensation lien of $153,000.00 and plaintiffs' settlement demand of $200,000.00.

21.     Plaintiffs' Memorandum constitutes an "other paper" from which it may be ascertained that the case is one which is or has become removable. Judge v. Phila. Premium Outlets, No. 10-1553, 2010 U.S. Dist. LEXIS 56762 (E.D. Pa. June 8, 2010) (finding that Case Management Conference Memoranda can provide the basis for subject matter jurisdiction in federal court).

22.    On October 6, 2017, defense counsel advised Plaintiffs' counsel of Defendant's intent to remove the matter unless Plaintiffs stipulated to limit damages to an amount not in excess of $75,000.

23.    In response, Plaintiffs' counsel advised that he would not agree to the stipulation because the time period to file for removal had "tolled."

24.    In response, Plaintiffs' counsel responded that he did not believe this to be the case and inquired of defense counsel as to the basis for Plaintiff's counsel's assertion.  A true and correct copy of the subject email exchange is attached hereto, marked Exhibit "D" and made part hereof.

25.    As of the date of this filing, Plaintiffs' counsel has not responded.

26.    This Court has repeatedly held that the separate and distinct claims of two or more plaintiffs, such as a claim for personal injury made by one spouse and a claim for loss of consortium made by the other spouse, may not be aggregated in order to satisfy the jurisdictional amount in federal court.  Langsam v. Minitz, 346 F. Supp. 1340, 1343 (E.D. Pa. 1972); Burkhardt v. Contemporary Servs. Corp., 1998 U.S. Dist. LEXIS 12152 *4-5, 1998 WL 464914 (E.D. Pa. 1998); Sdregas v. Home Depot, Inc., 2002 U.S. Dist. LEXIS 12159 *6-7, 2002 WL 32349815 (E.D. Pa. 2002); Ciancaglione v. Sutherlin, 2004 U.S. Dist. LEXIS 18589 *6 n.2, 2004 WL 2040342 (E.D. Pa. 2004).

27.    Before Defendant received Plaintiffs' Case Management Conference Memorandum which expressly made a settlement demand exceeding $75,000, Defendant could not have reasonably and intelligently concluded that the amount in controversy exceeded the jurisdictional minimum.

28. Language contained in the Complaint regarding plaintiff William Kukla's injuries did not clearly and unequivocally establish that the amount in controversy exceeded the jurisdictional minimum.

29. This Notice of Removal is filed within thirty (30) days of receipt of the "other paper", in which Plaintiff indicated that the case's value exceeds $75,000, thus warranting removal.

30. Removal from the Philadelphia County Court of Common Pleas is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal, based on diversity jurisdiction, of any civil action of which the district courts of the United States have original jurisdiction when none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought.

31. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth herein.

32. Defendant has a good faith belief, and therefore submits that the matter in controversy exceeds the value of $75,000, exclusive of interest and costs.

33. As described herein, Plaintiffs have indicated that their damages exceed $75,000.

34. Based on the foregoing, including Plaintiffs' allegations of Plaintiff William Kukla's severe and permanent injuries and Plaintiffs' demand exceeding $75,000, the preponderance of the evidence establishes that the matter in controversy exceeds $75,000, exclusive of interest and costs.

35. Based on the foregoing, the requirements of 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) have been satisfied and the within matter is properly removable.

36.     This Notice of Removal is timely as it is being filed within thirty (30) days of defendant's receipt of Plaintiffs' Case Management Conference Memorandum.

37.     Pursuant to 28 U.S.C. §§ 1441(a), copies of the Plaintiff's Reply to Defendant's New Matter and the Case Management Order issued by the Court on September 12, 2017 are attached hereto, marked Exhibits "E" and "F", respectively, and made part hereof.

**WHEREFORE**, Defendant Wal-Mart Store East, LP respectfully requests that the State Action be removed from the Court of Common Pleas for Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

MCDONNELL & ASSOCIATES, PC

Date:   10/10/2017

Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
pmcdonnell@mcda-law.com
Christian P. Suprenuk, Esquire
Attorney I.D. No. 76946
csuprenuk@mcda-law.com
Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, PA  19406
(T) 610.337.2087 (F) 610.337.2575
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Christian P. Suprenuk, Esquire hereby certify that on October10, 2017, a true and correct copy Defendant's Notice of Removal was served via overnight mail and email upon the following:

Bradley R. Cornett, Esquire
SAGOT CORNETT, P.C.
3157 Mechanicsville Road
Bensalem, PA 19020
bcornett@sagotlaw.com
*Attorneys for Plaintiffs*

McDONNELL & ASSOCIATES, PC

Christian P. Suprenuk, Esquire
*Attorneys for Defendant*

# EXHIBIT

# A

**EXHIBIT A**

THIS IS NOT AN ARBITRATION CASE.
ASSESSMENT OF DAMAGES HEARING
REQUIRED.
MAJOR CASE – JURY TRIAL DEMANDED

Attested by the
Office of Judicial Records
01 JUN 2017 02:14 pm
E. HOWARDS

Attorneys for Plaintiff

**SAGOT CORNETT, P.C.**
BY:  BRADLEY R. CORNETT, ESQUIRE
Attorney I.D. No. 88662
BY:  NEIL SAGOT, ESQUIRE
Attorney I.D. No. 19618
3157 Mechanicsville Road
Bensalem, PA 19020
(215) 633-1800
bcornett@sagotlaw.com

| | | |
|---|---|---|
| **WILLIAM KUKLA & MARY KUKLA, h/w** | : | COURT OF COMMON PLEAS |
| 650 Sacramento Drive | : | PHILADELPHIA COUNTY |
| Mantua, New Jersey 08051 | : | |
| v. | : | TERM, 2017 |
| **WALMART CORPORATION** | : | |
| **t/a WALMART SUPERCENTER** | : | |
| **PHILADELPHIA MILLS** | : | |
| 4301 Byberry Road | : | No. |
| Philadelphia, PA 19154 | : | |

## CIVIL ACTION COMPLAINT
### Negligence – 2-S – PREMISES LIABILITY – SLIP & FALL

*NOTICE*

"You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET HELP."

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

*AVISO*

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificacion.Hace falta asentar una comparencia escrita o en persona o Con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.   Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perderdinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO.   VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

Case ID: 170504510

**THIS IS NOT AN ARBITRATION CASE.**
**ASSESSMENT OF DAMAGES HEARING**
**REQUIRED.**
**MAJOR CASE – JURY TRIAL DEMANDED.**

SAGOT CORNETT, P.C.                                        Attorneys for Plaintiffs
BY:  BRADLEY R. CORNETT, ESQUIRE
Attorney I.D. No. 88662
BY:  NEIL SAGOT, ESQUIRE
Attorney I.D. No. 19618
3157 Mechanicsville Road
Bensalem, PA 19020
(215) 633-1800
bcornett@sagotlaw.com

| | | |
|---|---|---|
| **WILLIAM KUKLA & MARY KUKLA, h/w** | : | COURT OF COMMON PLEAS |
| 650 Sacramento Drive | : | PHILADELPHIA COUNTY |
| Mantua, New Jersey 08051 | : | |
| v. | : | TERM, 2017 |
| **WALMART CORPORATION** | : | |
| **t/a WALMART SUPERCENTER** | : | |
| **PHILADELPHIA MILLS** | : | |
| 4301 Byberry Road | : | No. |
| Philadelphia, PA 19154 | : | |

## CIVIL ACTION COMPLAINT
### Negligence – 2-S – PREMISES LIABILITY – SLIP & FALL

1.    Plaintiffs William Kukla and Mary Kukla are husband and wife and are adult

individuals and citizens and residents of the State of New Jersey residing at 650 Sacramento

Drive, Matura, New Jersey 08051.

2.    Defendant Walmart Corporation is a corporation and/or other business entity

regularly doing business within the confines of the Commonwealth of Pennsylvania at numerous

locations including, but not limited to, a store known as the Walmart Supercenter in the

Philadelphia Mills mall at 4301 Byberry Road, Philadelphia, PA 19154.

-1-

Case ID: 170504510

3.     Defendants herein are the owners and operators of, and/or the leasees and operators of, a retail super store located in the Philadelphia Mills shopping center or mall at 4301 Byberry Road, Philadelphia, PA 19154.

4.     Defendants herein, have under their care, direction, supervision and control and are responsible for, the maintenance of the aforesaid building, it's parking lots, driveways, walkways, garage doors and delivery sites at the aforesaid premises, all of which property is located immediately thereon and adjacent to the aforementioned Walmart Superstore at 4301 Byberry Road, Philadelphia, PA 19154.

5.     On or about July 6, 2016, at approximately Noon, there existed in the delivery area of the aforesaid store a rolling garage door which was either defective in nature or was operated incorrectly, negligently and carelessly by a Walmart employee, and said garage door created an obstruction, irregularity and defect, which was dangerous to patrons and business invitees of the aforesaid premises, and formed an inherently dangerous condition on the aforesaid premises.

6.     Defendants herein had, or should and could have had, in the exercise of reasonable care, notice of the existence of this condition, obstruction, irregularity and defect, or the incompetence of the Walmart employee for some time prior to Noon or July 6, 2016.

7.     On or about the aforesaid date and at the aforesaid, Plaintiff William Kukla was an employee of New Penn Motor Express as a driver and deliveryman.  Plaintiff was making a delivery to the aforesaid Defendant Walmart Superstore during the regular course of his business.  An agent, servant, workmen and/or employee of the Defendant Walmart opened a rolling door in the rear delivery area of the aforesaid store.  As Plaintiff entered the aforesaid

-2-

store through that door, it suddenly, with no warning whatsoever, came down on top of his and struck him in the head and neck, thereby causing Plaintiff to sustained serious permanent injuries more particularly hereinafter set forth at length.

8.     The accident aforementioned was caused solely and exclusively by reason of the negligence of the Defendants herein, by and through their agents, servants, workmen and/or employees acting within the course and scope of their employment and authority, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff herein.

9.     All acts of negligence complained of herein were the results of actions or inactions of the Defendants, by and through their agents, servants, workmen and/or employees, all acting within the course and scope of their employment and authority and were the proximate cause of all injuries and damage sustained by the Plaintiff herein.

10.     The negligence of the Defendants, by and through their agents, servants, workmen and/or employees acting within the course and scope of their employment and authority, consisted of, but was not limited to, any or all of the following:

    (a)     Failure to properly maintain, supervise and control the buildings, walkways, platforms, sidewalks, aisles, doors and garage doors and loading areas of the aforesaid store, as well as other public areas of the aforementioned premises;

    (b)     Failure to properly maintain and provide safe conditions for public travel in and about the aforementioned premises;

    (c)     Permitting the existence of the aforementioned obstruction, irregularity and defect, and in failing to give warning or notice of said condition to the public;

    (d)     Failure to properly repair and/or cause repairs to be made and/or removal of the aforementioned defective garage door from the delivery area of the aforesaid premises where Plaintiff's accident occurred;

-3-

(e)     Failure to inspect, maintain, clean, clear and/or remove the aforementioned obstruction, irregularity and defective garage door from the delivery area of the aforesaid premises in a reasonable and prudent manner;

(f)     Failure to issue any warnings, verbal, written, actual and/or constructive to business invitees of the dangerous condition which existed in the delivery area at the garage of the aforementioned subject premises;

(g)     Permitting and allowing business invitees to walk in and about the area of the Plaintiff's aforementioned accident, when Defendants knew, or in the exercise of reasonable care, could have or should have known, of the dangerous condition which they had created, and which had existed for a period of time prior to Plaintiff's accident;

(h)     Failure to post adequate warning signs, barriers and/or barricades or cones in an effort to alert business invitees of the dangerous condition which existed on the aforesaid premises, in the area where Plaintiff's accident occurred;

(i)     Failure to clean, clear and/or remove the aforementioned obstruction, irregularity and defective garage door which had formed a dangerous condition at the delivery area of the aforesaid premises, and in failing to properly hire and/or supervise the employees charged with opening and closing the aforesaid defective garage door on subject premises;

(j)     The Corporate Defendant herein, they hired, employed and/or promoted the various agents, servants, workmen and/or employees who had the responsibility and obligation to properly inspect, maintain, clean, clear, repair or remove the aforementioned defective garage door and to operate same in a careful and prudent manner;

(k)     The Corporate Defendant herein permitted the various agents, servants, workmen and/or employees who had the responsibility and obligation to inspect, maintain, clean, clear, repair and/or remove the aforementioned defective garage door to continue to work as agents, servants, workmen and/or employees when said Corporate Defendant knew, or in the exercise of reasonable care, should have or could have known that said agents, servants, workmen and/or employees were unable to or incapable of properly performing the requirements of their respective employment, including, but not limited to, operating the aforesaid defective garage door;

-4-

(l)     The Corporate Defendant herein failed to establish procedures and programs to determine whether employees and/or potential employees, were and/or are fit and capable of properly performing the requirements of their respective employments;

(m)     The Corporate Defendant was negligent, careless, reckless and/or unlawful under the circumstances in the hiring, employing and/or promoting of the various agents, servants, workmen and/or employees, who were or are responsible and obligated to properly inspect, maintain, clean, clear, remove, repair and/or operate the aforementioned garage door;

(n)     The Defendant herein failed to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident; and

(o)     The Defendant was negligent, careless, reckless and/or unlawful toward the Plaintiff under the specific circumstances as more fully herein above described in detail.

## COUNT I

## WILLIAM KUKLA v. WALMART CORPORATION, T/A WALMART SUPERCENTER

11.     Plaintiff William Kukla hereby incorporates by reference each and every allegation set forth in paragraphs one (1) through ten (10) of the within Complaint, as if each such allegation were separately set forth hereinafter at length.

12.     As a result of the negligence of the Defendants herein as aforesaid, Plaintiff William Kukla sustained a severe closed head injury with cerebral concussion and post-concussion syndrome, including but not limited to, severe headaches, dizziness, nausea and blurred vision; severe trauma to the cervical spine, including, but not limited to, disc bulging from C2-3 throughout the cervical spine through C5-6; a severe-acute and chronic strain and sprain of the cervical spine superimposed upon the aforesaid disc bulges; multiple bruises and

-5-

contusions about the head, neck and upper body and severe damage to his nerves and nervous system, some or all of which injuries Plaintiff has been advised by his physicians are or may be permanent in nature.

13.    As a further result of the negligence of the Defendants herein as aforesaid, Plaintiff William Kukla has been obliged to expend various and diverse sums of money on medicines, medical care and treatment, in and about an effort to cure himself of the ills and injuries he has suffered, and Plaintiff will be obliged to continue to do so for an indefinite time in the future, all to his great detriment and loss.  Said medical expenses incurred by Plaintiff to date are approximately $15,000.00, are continuing, and are, to some extent, unreimbursed by any source or the subject of subrogation lien.

14.    As a further result of the negligence of the Defendants herein as aforesaid, Plaintiff William Kukla has suffered a severe loss of his earnings and impairment of his earning capacity and power, and will continue to endure same for an indefinite time in the future, all to his great detriment and loss.

15.    As a further result of the negligence of the Defendants as aforesaid, Plaintiff William Kukla has been unable to attend to his usual duties and occupations, and will be unable to attend to same for an indefinite time in the future, all to his great detriment and loss.

16.    As a further result of the negligence of the Defendants herein as aforesaid, Plaintiff William Kukla has and will continue hereafter to endure great pain and suffering, traumatic neurosis, traumatic anxiety, depression, nervousness, scarring and disfigurement, embarrassment and humiliation as well as the loss of the natural enjoyment of life and life's pleasures, all to his great detriment and loss.

Case ID: 170504510

17.     As a further result of the negligence of the Defendant herein as aforesaid, Plaintiff William Kukla has suffered other personal and pecuniary damages, all to his great detriment and loss.

**WHEREFORE,** Plaintiff William Kukla demands judgment against the Defendants named herein, a sum in excess of $50,000.00 upon the aforesaid cause of action.  The aforementioned sum exceeds the jurisdictional limitation requiring arbitration referral.

**MARY KUKLA v.  WALMART CORPORATION, T/A WALMART SUPERCENTER**

18.     Plaintiff Mary Kukla hereby incorporates by reference each and every allegation set forth in paragraphs one (1) through seventeen (17) of the within Complaint, as if each such allegation were separately set forth hereinafter at length.

19.     At all times relevant hereto, Plaintiff Mary Kukla was the lawful wife of Plaintiff William Kukla.

20.     As a further result of the negligence of the Defendants herein as aforesaid, Wife/Plaintiff Mary Kukla has been forced to expend various and diverse sums of money on medicines, medical care and treatment, in and about an effort to cure Husband/Plaintiff William Kukla, of the ills and injuries he has suffered, and Wife/Plaintiff Mary Kukla will be forced to continue to expend such sums for an indefinite time in the future, all to her great detriment and loss.  Said medical expenses incurred by Plaintiff to date are approximately $15,000.00, are continuing, and are, to some extent, unreimbursed by any source or the subject of subrogation lien.

21.     As a further result of the negligence of the Defendants herein as aforesaid, Wife/Plaintiff Mary Kukla has been deprived of the comfort, society, companionship, services,

-7-

Case ID: 170504510

assistance and consortium of the Husband/Plaintiff William Kukla, and will be deprived of same for an indefinite time in the future, all to her great detriment and loss.

22.    As a further result of the negligence of the Defendants herein as aforesaid, Wife/Plaintiff Mary Kukla has suffered other personal and pecuniary damages, all to her great detriment and loss.

**WHEREFORE,** Plaintiff Mary Kukla claims of the Defendants named herein, in a sum in excess of $50,000.00 upon the aforesaid cause of action.  The damages claimed herein exceed the jurisdictional limitations requiring arbitration referral.

**SAGOT, BROOKE & CORNETT**

BY:

BRADLEY R. CORNETT, ESQUIRE

NEIL SAGOT, ESQUIRE

**Attorneys for Plaintiffs**

DATE: 6/1/17

-8-

Case ID: 170504510

## VERIFICATION

We, William Kukla and Mary Kukla, the Plaintiffs herein, do hereby verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of our knowledge, understanding and belief.  We understand that false statements made herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

_____
WILLIAM KUKLA

_____
MARY KUKLA

Case ID: 170504510

# EXHIBIT

# B

**EXHIBIT B**

**FILED**
12 SEP 2017 01:54 pm
**Civil Administration**
M. STIPA

### IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CIVIL TRIAL DIVISION

KuKLA
v
Walmart

MAY Term - 2017
No 04510

## CASE MANAGEMENT CONFERENCE MEMORANDUM

Filing party: Plaintiff            By: Bradley Cornett , Esq.

Counsel's address and telephone number (**IMPORTANT**) _____

3157 Mechanicsville Rd, Bensalem, PA 19020 215.633.1800

## Part A
### *(to be completed in personal injury cases)*

1. Date of accident or occurrence: 7/6/16

2. Date of Birth of your client: 12/10/61

Unknown _____   Decline to provide _____

NOTE: Date of birth information is intended for the Court's use only. The information will not be made available to the public.

3. Most serious injuries sustained: _____
   Cervical disc herniations

4. Is there any permanent injury claimed?      Yes X     No _____

   If yes, indicate the type of permanent injury: _____
   See response 3

5. Dates of medical treatment: _____

6. Is medical treatment continuing?      Yes _____    No X

7. Has there been an inpatient hospitalization?  Yes _____   No X

8. Has there been any surgery?          Yes X      No _____

   If yes, indicate the type of surgery: 3 epidural injections _____

9. Approximate medical bills to date: $ 18,0000 _____

10. Approximate medical bills recoverable in this case: $ 18,0000 _____

11. Are there any existing liens (Workers Compensation, DPW, Medical, etc.)?    Yes X    No ____

    If yes, what type and approximate amount? WC- $153,000.00 _____

12. Time lost from work: Never returned _____

13. Approximate past lost wages: Yes _____

14. Is there a claim for future lost earning capacity?     Yes X     No _____

    If yes, approximate future lost earning capacity: TBD _____

15. Are there any related cases or claims pending?     Yes ____    No X

    If so, list caption(s) or other appropriate identifier: _____

    _____

16. Do you anticipate joining additional parties?     Yes ____    No X

17. Plaintiff's factual position as to liability: Plaintiff was making a delivery and as

    he was doing so, an employee of Defendant dropped a rolling bay door on his head and neck

18. Defense factual position as to liability: Unknown _____

    _____

19. Defense position as to causation of injuries alleged: _____

20. Identify all applicable insurance coverage:

    | *Defendant* | *Insurance Carrier* | *Coverage Limits* |
    | --- | --- | --- |
    | | | |
    | | | |

21. Are there issues as to the applicability of the above insurance coverage:     Yes ____ No ____

22. Demand: $ $500,000 _____          Offer: $ 0 _____

*This form shall be presented to the Case Manager and copies served upon any party not served electronically by the court at the time of the conference. All present must be prepared to discuss its contents.*

**Christian Suprenuk**

| | |
|---|---|
| **From:** | cp-efiling@courts.phila.gov |
| **Sent:** | Tuesday, September 12, 2017 2:27 PM |
| **To:** | Christian Suprenuk |
| **Subject:** | Notice of an E-Filing on Case #170504510 |

Dear Christian P. Suprenuk,

A legal paper has been filed electronically in connection with a
Trial Division - Civil case in which you are counsel of record for
a party, or you are an unrepresented party, and have consented to
be served electronically with any pleading (other than original
process) as provided in Pa.R.C.P. No. 205.4 and Philadelphia Civil
*Rule No. 205.4.

Filed as noted below. The following information is provided for
your records:

Caption:
KUKLA ETAL VS WALMART CORPORATION
Case Number: 170504510

Date Reviewed and Accepted:
September 12, 2017 02:26 pm EDT/DST

Date Presented to the Office of Judicial Records for Filing
and Date Deemed Filed:
September 12, 2017 01:54 pm EDT/DST
Type of Pleading/Legal Paper:
MANAGEMENT MEMORANDUM
E-File No.: 1709022026

To retrieve the legal paper filed and any related notice, order or
legal paper, log in to the Electronic Filing Web Site at
http://courts.phila.gov using the Court-issued User Name and Password.
You may also go directly to the legal paper/document by copying and
pasting the following web address(es) into your browser or by clicking
the link(s) below to view the related document(s). Each link represents
a separate document filed in connection with this matter. Utilizing the
link(s) below will only take you to the actual document. You will not
be logged into the court's electronic filing system.

Plaintiffs Case Management Memo.pdf
https://fjdefile.phila.gov/efsfjd/zk_ealib.open_doc?h=ydRvSs7Zi5zf1Jk

1

THANK YOU,

ERIC FEDER
DEPUTY COURT ADMINISTRATOR
DIRECTOR, OFFICE OF JUDICIAL RECORDS

DISCLAIMER

-----------------------------------------------------------------
The First Judicial District will use your electronic mail address
and other personal information only for purposes of Electronic
Filing as authorized by Pa. R.C.P. 205.4 and Philadelphia Civil
*Rule 205.4.

Use of the Electronic Filing System constitutes an acknowledgment
that the user has read the Electronic Filing Rules and Disclaimer
and agrees to comply with same.

-----------------------------------------------------------------

This is an automated e-mail, please do not respond!

# EXHIBIT

# C

**EXHIBIT C**

|  |  |  |
|---|---|---|
| WILLIAM KUKLA and MARY KUKLA, h/w, | : | COURT OF COMMON PLEAS |
|  | : | PHILADELPHIA COUNTY |
| Plaintiffs | : |  |
| v. | : | MAY TERM, 2017 No. 04510 |
|  | : |  |
| WALMART CORPORATION t/a WALMART | : |  |
| SUPERCENTER PHILADELPHIA MILLS, | : |  |
|  | : |  |
| Defendant | : |  |

Filed and Attested by the
Office of Judicial Records
08 JUN 2017 12:03 pm
P. MARTIN

## STIPULATION TO STRIKE, DISMISS AND AMEND

Plaintiffs William Kukla and Mary Kukla and Defendant Walmart Corporation t/a Walmart Supercenter Philadelphia Mills, by and through their undersigned counsel, hereby stipulate and agree as follows:

Wal-Mart Stores East, LP is the operating entity of the Wal-Mart Store located at 4301 Byberry Road, Philadelphia, Pennsylvania, that being Wal-Mart Store #2650, which is the subject premises involved in this litigation.   Wal-Mart Stores East, LP is the only Wal-Mart entity responsible for any damages that Plaintiff could potentially recover in this litigation.

It is therefore hereby agreed and stipulated that all references to and allegations against Walmart Corporation t/a Walmart Supercenter Philadelphia Mills are hereby stricken and dismissed, and that all references to same and to Defendant are amended to mean Wal-Mart Stores East, LP only.

It is further agreed and stipulated that the caption shall be amended as follows:

|  |  |  |
|---|---|---|
| WILLIAM KUKLA and MARY KUKLA, h/w, | : | COURT OF COMMON PLEAS |
|  | : | PHILADELPHIA COUNTY |
| Plaintiffs | : |  |
| v. | : | MAY TERM, 2017 No. 04510 |
|  | : |  |
| WAL-MART STORES EAST, LP, | : |  |
|  | : |  |
| Defendant | : |  |

SAGOT CORNETT, PC

_____
Bradley K. Cornett, Esquire
*Attorneys for Plaintiffs*

Date: **10/5/17**

MCDONNELL & ASSOCIATES, PC

Christian P. Suprenuk
Christian P. Suprenuk, Esquire
*Attorneys for Defendant*

Date: ___10/5/17___

2

# EXHIBIT

# D

**EXHIBIT D**

**Christian Suprenuk**

| | |
|---|---|
| **From:** | Christian Suprenuk |
| **Sent:** | Thursday, October 5, 2017 1:11 PM |
| **To:** | 'Bradley R. Cornett' |
| **Subject:** | RE: William and Mark Kukla v. Wal-Mart Stores East, LP, CCP Phila Cty. May Term 2017 No. 04510 |

I don't believe so.  Why do you think that?

**From:** Bradley R. Cornett [mailto:BCornett@SagotLaw.Com]
**Sent:** Thursday, October 5, 2017 1:07 PM
**To:** Christian Suprenuk <csuprenuk@mcda-law.com>
**Subject:** RE: William and Mark Kukla v. Wal-Mart Stores East, LP, CCP Phila Cty. May Term 2017 No. 04510

Sorry I can't agree  to sign the stip because the time period to file for removal has tolled.

Thanks,

Brad

**From:** Christian Suprenuk [mailto:csuprenuk@mcda-law.com]
**Sent:** Thursday, October 05, 2017 12:59 PM
**To:** Bradley R. Cornett <BCornett@SagotLaw.Com>
**Subject:** William and Mark Kukla v. Wal-Mart Stores East, LP, CCP Phila Cty. May Term 2017 No. 04510

Mr. Cornett-

        Wal-Mart intends to seek removal of this case to federal court, unless plaintiffs agree to enter into a Stipulation limiting their damages.  I have attached a draft Stipulation.  Please review and advise at your earliest convenience.  Thanks.

-Chris

Christian P. Suprenuk, Esq.
McDonnell & Associates, P.C.
The Metropolitan Business Center
860 First Avenue, Suite 5B
King of Prussia, PA  19406
Telephone:  (610) 337-2087
Facsimile:    (610) 337-2575

***This e-mail and any files transmitted with it are confidential and attorney privileged and are intended solely for the use of the individual or entity to whom they are addressed.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution, copying or taking any action in reliance on the contents of this information is strictly prohibited.  Please notify the sender immediately by telephone if you have received this e-mail by mistake and delete this e-mail from your system.  Thank you.***

1

# EXHIBIT

# E

**EXHIBIT E**

SAGOT CORNETT , P.C.                         Attorneys for Plaintiffs
BY:  BRADLEY R. CORNETT, ESQUIRE
Attorney I.D. No.:  88662
3157 Mechanicsville Road
Bensalem, PA 19020
(215) 633-1800
bcornett@sagotlaw.com

| | | |
|---|---|---|
| WILLIAM KUKLA & MARY KUKLA, h/w | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| WALMART CORPORATION | : | MAY TERM, 2017 |
| t/a WALMART SUPERCENTER | : | |
| PHILADELPHIA MILLS | : | No. 04510 |

### PLAINTIFFS' ANSWER TO NEW MATTER OF DEFENDANT

Plaintiffs William Kukla and Mary Kukla, by and through their attorney, Bradley R.

Cornett, Esquire, hereby responds to the New Matter of Defendant as follows:

1. – 18.     Denied.  The allegations contained in these paragraphs constitute

conclusions of law to which no response is required.

**WHEREFORE,** Plaintiffs respectfully request that judgment be entered in their favor as

prayed for in their Complaint.

SAGOT CORNETT, P.C.

BY: _____
BRADLEY R. CORNETT, ESQUIRE
Attorney for Plaintiff

DATE:  September 6, 2017

## **VERIFICATION**

I, Bradley R. Cornett, Esquire, being duly sworn according to law depose and state that I am the attorney for the Plaintiffs herein and that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

BRADLEY R. CORNETT, ESQUIRE

Case ID: 170504510

**SAGOT CORNETT , P.C.**　　　　　　**Attorneys for Plaintiffs**
BY:  BRADLEY R. CORNETT, ESQUIRE
Attorney I.D. No.:  88662
3157 Mechanicsville Road
Bensalem, PA 19020
(215) 633-1800
bcornett@sagotlaw.com

| | | |
|---|---|---|
| **WILLIAM KUKLA & MARY KUKLA, h/w** | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| **WALMART CORPORATION** | : | MAY TERM, 2017 |
| **t/a WALMART SUPERCENTER** | : | |
| **PHILADELPHIA MILLS** | : | No. 04510 |

## CERTIFICATE OF SERVICE

I, Bradley R. Cornett, Esquire, attorney for the Plaintiffs herein, certify that I caused a

true and correct copy of Plaintiffs' Answer to New Matter of Defendant to be forwarded to the

individuals listed below this **6th day of September, 2017** *via*:  electronic filing with the Court.

Patrick J. McDonnell, Esquire
Christian P. Suprenuk, Esquire
McDonnell & Associates, P.C.
Metropolitan Business Center
860 First Avenue, Suite 5B
King of Prussia, PA 19406
Attorney for Defendant

SAGOT CORNETT, P.C.

BY: _____
**BRADLEY R. CORNETT, ESQUIRE**
Attorney for Plaintiffs

Case ID: 170504510

# EXHIBIT

# F

**EXHIBIT F**



**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

| | | |
|---|---|---|
| *KUKLA ETAL* | ) | *May Term 2017* |
| *VS* | | *No. 04510* |
| *WALMART CORPORATION* | | |

DOCKETED
CIVIL CASE MANAGEMENT
SEP 1 2 2017
A. GIAMPAOLO

*CASE MANAGEMENT ORDER*
*EXPEDITED TRACK*

Kukla Etal Vs Walmart C-CMOIS



17050451000017

AND NOW, *Tuesday, September 12, 2017,* it is Ordered that:

1.    The case management and time standards adopted for expedited track cases shall be applicable to this case and are hereby incorporated into this Order.

2.    All *discovery* on the above matter shall be completed not later than *07-MAY-2018.*

3.    *Plaintiff* shall identify and submit *curriculum vitae and expert reports* of all expert witnesses intended to testify at trial to all other parties not later than *07-MAY-2018.*

4.    *Defendant and any additional defendants* shall identify and submit *curriculum vitae and expert reports* of all expert witnesses intended to testify at trial not later than *04-JUN-2018.*

5.    All *pre-trial motions* shall be filed not later than *04-JUN-2018.*

6.    A *settlement conference* may be scheduled at any time after *04-JUN-2018.*  Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following:

      (a).    A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant;

      (b).    A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount;

      (c).    Defendant shall identify all applicable insurance carriers, together with applicable limits of liability.

7.    A *pre-trial conference* will be scheduled any time after *06-AUG-2018.*  Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following:

(a).      A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant;

(b).      A list of all witnesses who may be called to testify at trial by name and address. Counsel should expect witnesses not listed to be precluded from testifying at trial;

(c).      A list of all exhibits the party intends to offer into evidence. All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial;

(d).      Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount. This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and

(e).      Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability;

(f).      Each counsel shall provide an estimate of the anticipated length of trial.

8.     *It is expected that the case will be ready for trial 03-SEP-2018,* and counsel should anticipate trial to begin expeditiously thereafter.

9.     All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this Order.

*BY THE COURT:*

_____
**ARNOLD NEW, J.**
**TEAM LEADER**

ADG85485(REV 11/04)