IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM KUKLA & MARY KUKLA : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 17-4528 |
| WAL-MART STORES EAST, LP, : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                   **DECEMBER  8 , 2017**

      Presently before the Court is Plaintiffs' Motion to Remand. (ECF No. 4.) For the following reasons, Plaintiffs' Motion will be denied.

**I.    BACKGROUND**

      Plaintiff William Kukla alleges that he suffered serious injuries on July 6, 2016, while on the premises of Defendant Wal-Mart Stores East, LP, when a rolling door in the rear delivery area of the Wal-Mart fell down on Kukla and struck him in the head and neck. (Compl. ¶ 7, Def.'s Notice of Removal Ex. A, ECF No. 1.) Kukla was making a delivery to the Wal-Mart at the time, acting in his capacity as a driver and deliveryman for New Penn Motor Express. (*Id.* ¶¶ 7-8.) On June 1, 2017, Kukla filed a Complaint against Wal-Mart in the Court of Common Pleas for Philadelphia County, asserting a claim of negligence and seeking damages "in excess of $50,000" for his injuries, medical bills, and pain and suffering. (*Id.* ¶¶ 11-16.) Mary Kukla, William Kukla's wife, asserted a claim for loss of consortium, also seeking damages "in excess of $50,000." (*Id.* ¶¶ 18-22.) On July 28, 2017, Wal-Mart filed an Answer to Plaintiffs' Complaint. (Def.'s Answer, ECF No. 3.)

      On September 12, 2017, Plaintiffs filed and provided Defendant with a "Case Management Conference Memorandum." (Not. of Removal Ex. B.) This Memorandum set

forth William Kukla's injuries and his medical expenses. (*Id.*) It also indicated that there was an outstanding workers' compensation lien of $153,000, and set forth a settlement demand of $500,000. (*Id.*) On October 5, 2017, Defense counsel emailed Plaintiffs' counsel to notify Plaintiffs of Defendant's intent to remove the matter to federal court. (Def.'s Resp. Ex. A, ECF No. 5.) Plaintiffs' counsel responded, stating that the "time period for removal has tolled." (*Id.*) Defense counsel asked Plaintiffs' counsel what the basis was for thinking that the removal window had tolled. (*Id.*) He never received a response. (*Id.*; Def.'s Resp. ¶ 4.)

On October 11, 2017, Wal-Mart filed a Notice of Removal. On October 26, 2017, Plaintiffs filed the instant Motion to Remand. (Mot. to Remand, ECF No. 4.) Attached to Plaintiffs' Motion is a "Statement of Claim." (*Id.* Ex. 3.) This document, purportedly prepared on May 24, 2017, provides a detailed breakdown of William Kukla's medical bills and expected wage losses, and it notes the $153,000 workers' compensation lien and the $500,000 demand. (*Id.*) Plaintiffs contend that this Statement of Claim was sent to Wal-Mart on or about May 24, 2017. (Mot. to Remand ¶ 4.) Wal-Mart claims that it never received this document and had never seen it before it was attached to Plaintiffs' Motion to Remand. (Def.'s Resp. ¶ 4.) On October 30, 2017, Wal-Mart asked Plaintiffs' counsel to provide any information related to the Statement of Claim. (*Id*.) On November 8, 2017, Wal-Mart received an email from Plaintiffs' counsel. (*Id.*) There was no text in the body of the email but the email did have a PDF of a letter attached to it. (*Id.*) The PDF letter was written on the letterhead of Plaintiffs' counsel, was dated May 23, 2017, and purported to accompany a "specials package with a Statement of Claim …." (Def.'s Resp. Ex. B.) Wal-Mart filed a Response to Plaintiffs' Motion to Remand on November 9, 2017.

## II. LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A defendant may remove a civil action to a district court in cases where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). The party seeking federal jurisdiction through removal has the burden of showing that the case is properly before the federal court. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

## III. DISCUSSION

The central issue in this dispute is whether Wal-Mart timely sought removal under 28 U.S.C § 1446(b). Plaintiffs do not dispute that this case satisfies both the complete diversity and amount in controversy requirements for federal jurisdiction.[1] Instead, Plaintiffs argue that Wal-Mart missed its deadline to file for removal. Plaintiffs contend that Wal-Mart was put on notice of the amount in controversy here when it was sent the Statement of Claim document on May 24, 2017. They also argue that the Complaint, filed on June 1, 2017, set forth both William and Mary's individual demands for sums in excess of $50,000, and so a "simple calculation" (*i.e.*, 50,000 + 50,000 = 100,000) would have made clear to Wal-Mart that the damages exceeded

---

[1] Plaintiffs have made a demand of $500,000 and are citizens of Pennsylvania. (Compl. ¶ 1; Case Management Conference Memorandum, Notice of Removal Ex. B.) Defendant is a citizen of Delaware and Arkansas. (Not. of Removal ¶¶ 13-17.)

3

$75,000.  (Mot. to Remand ¶ 3.)  Plaintiffs argue that because Wal-Mart did not file a notice of removal until October, 11, 2017, it missed the 30-day removal window.

Wal-Mart argues that the separate nature of William and Mary's claims prevents them from being aggregated to satisfy the amount in controversy requirement, and so the Complaint could not have put Wal-Mart on notice of removability.  Wal-Mart further argues that it never received the Statement of Claim prior to it being attached to Plaintiffs' Motion to Remand, and so it only became aware of the matter's removability when it received the Case Management Conference Memorandum noting the workers' compensation lien and $500,000 settlement demand.  Wal-Mart filed for removal less than 30 days after receiving that document, and therefore contends it did not miss the filing deadline.

> A.  **Removability Based on the Initial Pleading**

In general, a defendant must file a notice of removal "within thirty days after the receipt by the defendant … of a copy of the initial pleading setting forth a claim for relief upon which such action or proceeding is based …."  28 U.S.C. § 1446(b)(1).  However, this 30-day window for removal is "only triggered when 'the four corners of the pleading … informs the reader, to a substantial degree of specificity, [that] all the elements of federal jurisdiction are present.'"  *In re Asbestos Prods. Liab. Litig. (No. VI)*, 770 F. Supp. 2d 736, 740 (E.D. Pa. 2011) (quoting *Foster v. Mut. Fire Marine & Inland Ins. Co.*, 986 F.2d 48, 53 (3d Cir.1993), *rev'd on other grounds*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)).

The "four corners" approach is an objective test: "the issue is not what the defendant knew, but what the relevant document said."  *In re Asbestos*, 770 F. Supp. 2d at 740.  Although the defendant must apply a reasonable amount of intelligence when ascertaining removability based on the plaintiff's pleading, the defendant has "no independent duty to investigate whether

or not a case is removable." *Portnoff v. Janssen Pharm., Inc.*, 237 F. Supp. 3d 253, 261 (E.D. Pa. Feb. 22, 2017) (citing *Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 816 n. 10 (3d Cir. 2016)). For example, when a defendant looks at the complaint to determine the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (quotation marks omitted).

Where there are multiple plaintiffs in a suit, the general rule is that "the distinct claims of separate plaintiffs cannot be aggregated when determining the amount in controversy." *Auto-Owners Ins. Co.*, 835 F.3d at 395 (citing *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002)). Courts in this District have held that a loss of consortium claim is a separate and distinct claim that cannot be aggregated with claims brought by the other spouse to meet the amount in controversy requirement. *See Sdregas v. Home Depot, Inc.*, No. 01-5851, 2002 WL 32349815, at *2 (E.D. Pa. Apr. 5, 2002) (noting that under Pennsylvania law, "a loss of consortium claim, even though it is derivative from an injured spouse's personal injury claim, is a separate and distinct cause of action"); *see also Burkhardt v. Contemporary Servs. Corp.*, No. 98-2911, 1998 WL 464914, at *2 (E.D. Pa. Aug. 7, 1998) (noting that other federal district courts have "repeatedly treated one spouse's loss of consortium claim as separate and distinct from the claim of the spouse suffering physical injury").

Here, the Kuklas' initial pleading could not have informed Wal-Mart that the case was removable to federal court. Looking at the four corners of the Complaint and taking the Plaintiffs' demands in good faith, the Kuklas' two separate claims for damages "in excess of $50,000" do not meet the amount in controversy requirement. Those claims control and each is for less than $75,000. Contrary to Plaintiffs' argument, those claims cannot be aggregated to

5

meet the amount in controversy requirement. Whether Wal-Mart actually applied a reasonable amount of intelligence to determine that those claims could not be aggregated or just assumed it to be so under the general anti-aggregation rule, the result is the same; removability was not ascertainable from the Complaint. Therefore, the Complaint could not have triggered the 30-day removal window under § 1446(b)(1).

### B. Removability Based on "Other Papers"

Where the initial pleading does not sufficiently describe a removable case, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper *from which it may first be ascertained that the case is one which is or has become removable*." 28 U.S.C. § 1446(b)(3) (emphasis added). This "other paper" rule codifies what is a long-held and common-sense proposition; it "is clear that the time for removal begins to run when the defendant receives the requisite written notice of facts which make the case removable." *Broderick v. Dellasandro*, 859 F. Supp. 176, 178 (E.D. Pa. 1994).

Courts have defined "other paper" to generally mean court-related documents produced by the plaintiff containing the information necessary to ascertain removability. *See Minnisale v. State Farm Fire & Cas. Co.*, 988 F. Supp. 2d 472, 473 (E.D. Pa. 2013) (noting that district courts in the Third Circuit have interpreted "other paper" to include discovery documents such as requests for admission, correspondence between counsel, and answers to interrogatories).

In *Papp v. Fore-Kast Sales*, plaintiffs brought a product liability suit against The Boeing Company in New Jersey Superior Court. 842 F.3d at 809. After the deposition of a plaintiff revealed that the suit involved a product manufactured by Boeing for the United States Navy and Air Force, Boeing promptly removed the case to federal court pursuant to the federal officer

6

removal statute, 28 U.S.C. § 1442(a)(1), which permits removal from state court to federal court when the allegedly culpable behavior took place while the defendant was acting under the direction of a federal officer or agency. *Id.* at 809-10. Boeing's notice of removal was filed 45 days after the plaintiffs had filed their complaint. *Id.* at 815-16. Plaintiffs argued the removal was not timely. *Id.* The Third Circuit disagreed, noting that because the four corners of the complaint did not inform Boeing that the claim related to its role as a federal contractor, "the relevant date for determining the timeliness of Boeing's motion to remove was the [date of the] deposition" revealing the removable nature of the claim. *Id.* at 816 n.10. The court rejected plaintiffs' argument that Boeing should have been able to ascertain from its own records that the suit involved the particular aircraft part which implicated the federal officer removal statute, because Boeing was not required to deduce removability of the matter by conducting an internal investigation under the four corners approach. *Id.*; *see also Portnoff*, 237 F. Supp. 3d at 261 (looking to *Papp*, other cases in the E.D. Pa., and other circuits and finding that "other paper" is most often interpreted as court-related documents from which removability can be gleaned).

Here, the Case Management Conference Memorandum may properly be considered an "other paper" under § 1446(b)(3). It is a court-related document, produced by Plaintiffs after their Complaint was filed, and it contains information on the value of Plaintiffs' claims from which Wal-Mart could first ascertain removability. As discussed above, Wal-Mart could not ascertain removability from the four corners of the initial pleading. Therefore, the 30-day window for removal was not triggered by the Complaint, but by the filing of the Case Management Memorandum on September 12, 2017. Wal-Mart filed a notice of removal on October 11, 2017, 29 days later.[2] This was a timely notice of removal under § 1446(b)(3).

---

[2] *See* Fed. R. Civ. P. 6 (explaining how to compute elapsed time under the Rules).

While the Kuklas' "Statement of Claim" would otherwise qualify as an "other paper" from which Wal-Mart could have ascertained removability, we find no reason to believe Wal-Mart ever received that document prior to filing for removal. The common law "mailbox rule" holds that where there is proof of a "*properly directed*" letter having been "either put into the post-office or delivered to the postman, it is presumed [that the letter] reached its destination at the regular time and was received by the person *to whom it was addressed*." *Lupyan v. Corinthian Colleges Inc.*, 761 F.3d 314, 319 (3d Cir. 2014) (internal quotations and citations omitted) (emphasis added). This rebuttable presumption is weakened when the letter is sent in a manner where no receipt or other proof of delivery is generated, *e.g.*, when sent via regular mail. *Id.* at 319-20. Although receipt may be corroborated by circumstantial evidence, the party the presumption operates against may rebut this evidentiary presumption with only a "minimal" quantum of evidence. *Id.* at 320-23 (holding that plaintiff's affidavit simply denying receipt of a letter sent via regular mail sufficiently rebutted mailbox rule's presumption at summary judgment stage).

Here, Wal-Mart denies that it ever received this Statement of Claim. Moreover, any presumption of receipt is sufficiently rebutted by the Kuklas' own documents. First, the letter in which the Statement of Claim was apparently enclosed is incorrectly addressed. The Wal-Mart implicated here is located at **4301** Byberry Road, Philadelphia, PA 19154, and the letter is addressed to "**4031** Byberry Road, Philadelphia PA 19154, Mantua, NJ," *i.e.*, it is addressed to the wrong street address and to *two different towns and states*. (*See* Def.'s Resp. Ex. B.) Such a letter cannot fairly be described as "properly directed." Second, Plaintiffs have offered no evidence of receipt and have not claimed to have any such evidence. Finally, it seems odd that the letter which enclosed the Statement of Claim is dated May 23, 2017, when the Statement of

Claim itself is dated May 24, 2017. Given these circumstances, we cannot presume Wal-Mart ever received the Statement of Claim, and therefore cannot say that Wal-Mart was able to ascertain removability on any date prior to receiving the Case Management Conference Memorandum.

There is complete diversity among Plaintiffs and Defendant in this case, and the amount in controversy is in excess of $75,000. Wal-Mart filed a timely notice of removal from state court to federal court. Accordingly, we have jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand will be denied.

An appropriate Order follows.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**